IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NXP USA INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  2:21-CV-00318-JRG |
| | § | |
| MEDIATEK INC., MEDIATEK USA INC., | § | |
| AMAZON.COM INC., BEST BUY | § | |
| STORES, LP, BESTBUY.COM, LLC., | § | |
| BEST BUY TEXAS.COM, LLC, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Amazon.com, Inc.'s ("Amazon") Motion to Dismiss Claims for Indirect Infringement (Dkt. No. 39) ("Amazon's Motion") and Defendants Best Buy Co., Inc. Best Buy Stores, LP, Bestbuy.com, LLC., Best Buy Texas.com, LLC's (collectively, "Best Buy") Motion to Dismiss NXP USA, Inc.'s Willfulness Claims (Dkt. No. 50) ("Best Buy's Motion") (together with Amazon's Motion, the "Motions").  Having considered the Motions and the subsequent briefing and for the reasons set forth herein, the Court is of the opinion that Amazon's Motion should be **DENIED** in all respects and Best Buy's Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.     BACKGROUND

On August 24, 2021, Plaintiff NXP USA Inc. ("NXP") filed the above-captioned case alleging that Amazon and Best Buy, *inter alia*, infringe U.S. Patent Nos. 10,038,518 (the "'518 Patent"), 10,560,158 (the "'158 Patent"), and 10,742,780 (the "'780 Patent") (collectively, the "Asserted Patents") based on their alleged sale of certain products containing an allegedly infringing Wi-Fi chip.  (Dkt. No. 1 ¶¶ 22, 25, 35, 62, 86) (the "Complaint").  NXP's Complaint

alleges Amazon and Best Buy have induced and contributed to the infringement of the Asserted Patents.  (Complaint ¶¶ 49–50, 74–75, 102–03).  NXP also alleges that Amazon and Best Buy's infringement is willful.  (*Id.* ¶¶ 53, 78, 106).  Amazon moves to dismiss NXP's claims of indirect infringement and Best Buy moves to dismiss NXP's claims of willful infringement.  (Dkt. Nos. 39, 50).

## II.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A Court can dismiss a complaint that fails to meet this standard.  Fed. R. Civ. P. 12(b)(6).  To survive dismissal at the pleading stage, a complaint must state enough facts such that the claim to relief is plausible on its face.  *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The Court accepts well-pleaded facts as true and views all facts in the light most favorable to the plaintiff, but is not required to accept the plaintiff's legal conclusions as true.  *Id.*

In the Fifth Circuit, motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted.  *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  "The court may consider 'the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint.'"  *Script Sec. Sols. L.L.C. v. Amazon.com, Inc.*, 170 F. Supp. 3d 928, 935 (E.D. Tex. 2016) (quoting *Lone Star Fund V (U.S.) L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

In the context of patent infringement, a complaint must place the alleged infringer on notice of what activity is being accused of infringement.  *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017).  However, the plaintiff is not required to prove its case at the pleading stage.  *Id.*  Assessing the sufficiency of pleadings is a context specific task; simpler technologies may require less detailed pleadings, while more complex technologies may demand more.  *Disk Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018).

## III.   DISCUSSION

### A.   Indirect Infringement (Amazon's Motion)

Amazon moves to dismiss NXP's claims of induced infringement and contributory infringement.  (Dkt. No. 39).

#### 1.   Induced Infringement

Amazon makes three arguments with respect to induced infringement: (1) NXP has not alleged direct infringement by a third party; (2) NXP has not alleged specific intent to induce infringement; and (3) NXP's Complaint is ambiguous as to whether its allegations apply to Amazon, MediaTek or both.  (*Id.*).  The Court finds that each of these arguments are without substantial merit.

**Direct Infringement**:  Amazon argues that NXP's Complaint does "not plead any facts identifying a single *specific* activity, or single *specific* way to 'use' the accused products in an allegedly infringing manner."  (Dkt. No. 39 at 6).  Amazon argues that "[b]ecause NXP fails to allege facts showing 'why or how' any specific Amazon customer, or any other third party, is allegedly induced by Amazon to infringe, its claims of inducement must be dismissed."  (*Id.*) (citing *Stragent, LLC v. BMW of N. Am., LLC*, No. 6:16-cv-446, 2017 WL 2821697, at *9 (E.D. Tex. Mar. 3, 2017)).  NXP responds that "Amazon's brief fails even to mention, let alone account for, the lengthy and detailed discussion of direct infringement in the complaint. And neither

3

Amazon nor any other defendant has challenged its sufficiency for pleading Amazon's claims of direct infringement."  (Dkt. No. 62 at 4).

"To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012).  The Complaint provides a lengthy recitation of the claims and alleged infringement related thereto.  (Complaint ¶¶ 37–49, 64–73, 88–102).  The Court finds that the Complaint has sufficiently identified Amazon's customers as underlying direct infringers to sufficiently support a claim for indirect infringement at the 12(b)(6) stage.

**Intent to Induce Infringement**:  Amazon next argues that "NXP's inducement claims, however, do not plead any facts (rather than merely conclusions) that Amazon specifically intended to cause others to infringe."  (Dkt. No. 39 at 7).  NXP responds that its Complaint "expressly alleges that Amazon 'provides support, product literature, and other information enabling infringing uses,' with example Internet hyperlinks to such support, product literature, and other information provided by Amazon on Amazon's website and branded with Amazon's trade dress—apparently authored by or compiled for publication on Amazon's website by Amazon." (Dkt. No. 62 at 7) (citing Complaint ¶¶ 49, 74, 102).

As this Court has repeatedly recognized, at the pleadings stage, the Court draws all reasonable inferences from the well-pleaded allegations in NXP's favor and likewise finds that NXP has pled facts sufficient to state a claim.  *RightQuestion, LLC v. Samsung Elecs. Co., Ltd.*, No. 2:21-cv-238, 2022 WL 507487, at *3 (E.D. Tex. Feb. 18, 2022); *BillJCo, LLC v. Cisco Sys., Inc.*, No. 2:21-cv-181, 2021 WL 6618529, at *6 (E.D. Tex. Nov. 30, 2021).  In this case, NXP has alleged that "Amazon and Best Buy provide support, product literature, and other information

enabling infringing uses" with citations thereto.  (Complaint ¶¶ 49, 74, 102).  At the 12(b)(6) stage, the Court finds it reasonable to infer the necessary intent to support a claim of induced infringement from NXP's allegations that Amazon simultaneously sells the products with the accused Wi-Fi chip while supplying third-parties with the cited literature which instructs performance of allegedly infringing uses of the technology.  *BillJCo*, 2021 WL 6618529, at *6.  By pointing to literature "advertising an infringing use" and "instructing how to engage in an infringing use" and including corresponding claim recitations which indicate how such use of the Accused Product allegedly infringes the Asserted Patents, NXP has sufficiently stated a claim for induced infringement. *See Motiva Patents LLC*, 408 F. Supp. 3d at 828 (citations omitted); *Maxell Ltd. v. Apple Inc.*, No. 5:19-cv-00036, 2019 U.S. Dist. LEXIS 227275, at *8–9 (E.D. Tex. Oct. 23, 2019) (finding a pleading sufficient where it identifies the accused functionalities and includes citations/screenshots of advertisements and user guides with alleged descriptions and demonstrations for those accused functionalities).

**Specificity of Allegations**:  Amazon's final argument on induced infringement is that NXP's Complaint "fail[s] to specify which allegations are directed at Amazon and which are directed at MediaTek."  (Dkt. No. 39 at 8).  NXP responds that there is no ambiguity, and Amazon's provision of literature along with at least its post-filing knowledge of the patents suffices to state a claim for inducement against Amazon.  (Dkt. No. 62 at 8).  The Court does not find that NXP's Complaint is ambiguous as to the conduct and claims it asserts against Amazon.  Accordingly, in this regard, NXP's Complaint is sufficient at this early stage.

## 2.    Contributory Infringement

To state a claim for contributory infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and

infringed; and (3) the components have no substantial non-infringing use. 35 U.S.C. § 271(c); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1312 (Fed. Cir. 2005).

Citing much of its same arguments on induced infringement, Amazon puts forth two similar arguments with respect to NXP's contributory infringement allegations: (1) NXP does not alleged any specific facts to support that Amazon contributed to infringement; and (2) NXP Fails to identify any specific act that resulted in direct infringement.  (Dkt. No. 39 at 10–11).  As explained above, the Court finds these arguments are without merit, and NXP's Complaint sufficiently alleges the elements of contributory infringement.  (Complaint ¶¶ 37–48, 50, 64–73, 75, 78, 88–101, 103, 106).

### B.      Willful Infringement (Best Buy's Motion)

Best Buy moves to dismiss NXP's claims of willful infringement because: (1) NXP fails to plead any facts showing Best Buy had knowledge of the Asserted Patents at any point prior to filing of the Complaint; and (2) NXP fails to allege facts to plausibly show Best Buy engaged in deliberate or intentional conduct.  (Dkt. No. 50 at 4–5).  As explained below, the Court agrees with Best Buy as to the first issue, but not the second.

### 1.      Pre-Suit Knowledge

Best Buy argues that NXP "does not plead any facts showing Best Buy had knowledge of the Asserted Patents or its alleged infringement at any point prior to the filing of the Complaint." (Dkt. No. 50 at 4).  Indeed, NXP appears to concede this point by arguing that it met the applicable pleading standard and citing to paragraphs of its Complaint confirming Best Buy's argument. (Dkt. No. 63 at 2–3).  The Court declines to find that Best Buy's post-filing conduct can provide factual support for pre-suit willful infringement of the Asserted Patents. A claim for willful infringement must allege that infringement was "intentional or knowing." *Plano Encryption Techs., LLC v. Alkami Tech., Inc.*, No. 2:16-cv-1032, 2017 WL 8727249, at *2 (E.D. Tex. Sept.

22, 2017).  This Court has previously recognized that when "[f]aced with a total absence of facts in the Complaint to suggest that [Defendant] had pre-suit knowledge of the [Asserted] Patent[s], the Court concludes that [Plaintff] has failed to state a claim for pre-suit willful infringement." *Arigna Tech. Ltd. v. Bayerische Motoren Werke AG*, No. 2:21-cv-0172, 2022 WL 610796, at *7 (E.D. Tex. Jan. 24, 2022).  Such is the case here where NXP has only alleged that Best Buy had knowledge of the Asserted Patents "at least since the filing of this complaint."  (Complaint ¶¶ 53, 78, 106).  Therefore, NXP cannot plausibly maintain its claim for pre-suit willful infringement.

### 2.     Allegations of Deliberate or Intentional Conduct

Best Buy argues that "NXP fails to allege any facts that Best Buy engaged in the type of deliberate or intentional conduct required to establish willful infringement."  (Dkt. No. 50 at 5). In particular, Best Buy argues that "NXP does not plead any facts describing how Best Buy's conduct is egregious beyond the alleged typical infringement."  (*Id.* at 5).  NXP responds that its Complaint alleges direct infringement on a claim-element-by-claim-element basis and knowledge of the Asserted Patents.  (Dkt. No. 63 at 2).  NXP argues that this is enough under the current pleading standard.  (*Id.*).

The Court finds that the Complaint states facts sufficient to state a claim for post-suit willful infringement.  "Under *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement."  *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020).  Accordingly, a plaintiff need not plead facts demonstrating egregious conduct to establish a claim for willful infringement at the 12(b)(6) stage. Here, NXP has alleged that Best Buy has knowledge of the Asserted Patents from at least the filing of the Complaint yet continues to carry out allegedly infringing actions.  (Complaint ¶¶ 53, 78, 106).  This Court has previously found that allegations that a defendant continues its allegedly infringing conduct even after receiving notice of a complaint are sufficient to at least state a claim

7

for post-suit willful infringement. *See Arigna Tech.*, 2022 WL 610796, at *6 (citing *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, 2016 WL 4778699, at *6–7 (E.D. Tex. Aug. 19, 2016)).   Accordingly, the Court finds Best Buy's 12(b)(6) arguments with respect to post-suit willful infringement to be unpersuasive.

## IV.     CONCLUSION

For the reasons noted above, Amazon's Motion is **DENIED** in all respects, and Best Buy's Motion is **GRANTED** with respect to pre-suit willfulness but it is **DENIED** in all other respects. Accordingly, NXP's claim of pre-suit willful infringement against Best Buy is **DISMISSED-WITHOUT-PREJUDICE**, and all other relief requested pursuant to the Motions is **DENIED**.

So ORDERED and SIGNED this 15th day of March, 2022.

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE